Opinion of the Court.
THIS was an action of assumpsit. Three counts are laid in the declaration. The first count is upon a special agreement, whereby the defendants undertook to pay a stipulated price proposed for a certain quantity of cotton, sold and delivered to them by the plaintiffs. The other two are general counts, for goods, wares and merchandize, sold and delivered.
Non assumpsit was pleaded by the defendants, and on the trial, the jury having found a verdict for them, the plaintiff moved for a new trial, on the grounds that the verdict was against law and evidence; but the court overruled the motion, to which the plaintiffs excepted ; and a judgment being entered upon the verdict, they have appealed to this court.
The only question made by the assignment of error, is, whether the circuit court erred in refusing to grant a new trial. The evidence given on the trial, very clearly proved the contract substantially as laid is the first count of the declaration; but it was, more *280 over, proved, that the plaintiffs had represented the cotton to be of the first quality, when in fact it was of very inferior quality, as was afterwards discovered when it came to be used ; and that the defendants paid part of the stipulated price, as much as or more than the cotton was really worth; and the evidence, in some measure, conduced to prove that the defendants were deceived, in respect of the quality of the cotton, and that the plaintiffs knew its true quality; but that the defendant, nevertheless, used the cotton, except a few bales, which were discovered to be of bad quality when delivered, and returned immediately to the plaintiffs.
From this state of the proof, it is perfectly clear, if the defendants could, in this action, avail themselves of a fraud in the sale of the cotton, that we cannot say the circuit court was incorrect in refusing the new trial; for although the evidence upon this point was not perfectly satisfactory, yet it was obviously of a character which would render it improper for this court to set aside the verdict, in opposition to the opinion of the court below. But, on the contrary, it is equally clear, if the defendants cannot, in this action, be permitted to take advantage of any fraud that may hate been practised on them with respect to the quality of the cotton, that the verdict ought to have been set aside and a new trial awarded; for the plaintiffs proved the contract, as laid, and that a part of the price still remained due, of the cotton which the defendants had received and used.
Where there has been a fraud practised by the vender, in the sale of a thing, and the thing is of no value, or has been returned or offered to be returned to the vender, the purchaser may, no doubt, avail himself of the fraud, by way of defence to an action brought for the price ; but where the thing, as in this case, is of some value, and has been used by the purchaser, his right to take advantage of the fraud, in an action for the price, is more questionable. In England, different judges seem to have entertained different opinions upon this point, and we are not aware that it has, ever been settled in that country. The better opinion, however, seems to be, that fraud, in such a case, does not constitute an available defence; and so the law is, in general, stated to be, by elementary writers—Peake’s Ev. 299, Comyn on Contracts 282. The rea *281 son of the doctrine is obvious. The purchaser, by retaining the thing purchased, affirms the contract, and may unquestionably have a remedy for the fraud, by action; and in such a case, one cause of action cannot extinguish or be set off against another. Besides, on the general issue, the plaintiff would not be apprised of the nature of the defence intended to be set up ; and as a special plea, it would only show a partial failure of the consideration, and could not, therefore, be a bar to the action.
The judgment must be reversed with costs, and the Cause remanded, that the verdict may be set aside and a new trial awarded by the circuit court, upon the plaintiffs there paying the costs of the former trial.